IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL LEROY JOHNSON,
    Petitioner,

vs.                                              Case No.: 5:17cv33/MCR/EMT

BLACKMON, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner Michael Johnson's ("Johnson") habeas petition and supporting memorandum, filed pursuant to 28 U.S.C. § 2241 (ECF Nos. 1, 2). Respondent filed a motion to dismiss the petition for lack of jurisdiction (ECF No. 11). Johnson filed a response in opposition to the motion (ECF No. 13).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the habeas petition should be dismissed for lack of jurisdiction.

I.     BACKGROUND AND PROCEDURAL HISTORY

On January 12, 2005, a federal grand jury in the United States District Court for the Middle District of Florida returned a four-count indictment charging that Johnson

"did use, persuade, induce, entice and coerce a minor . . . to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction . . . was mailed or transported in interstate and foreign commerce [i]n violation of Title 18, United States Code, Sections 2251(a) and 2" (Counts One and Two). *See* United States v. Johnson, Case No. 8:05cr12-JDW-TGW, Indictment, ECF No. 6 (M.D. Fla. Jan. 12, 2005). Count Three of the indictment charged that Johnson "knowingly possessed child pornography, to wit: visual depictions, images and pictures of what is or appears to be, minors engaged in sexually explicit conduct, that had been mailed and shipped and transported in interstate and foreign commerce by any means, including by computer [i]n violation of Title 18, United States Code, Section 2252A(a)(5)(B)." *Id.* Count Four charged that Johnson "did knowingly mail, transport and ship in interstate and foreign commerce by any means, including by computer, child pornography, to wit: visual depictions, images and pictures of what is or appears to be, minors engaged in sexually explicit conduct [i]n violation of Title 18, United States Code, Section 2252A(a)(1)." *Id.* The district court accepted Johnson's guilty plea to Counts I, II, and IV, and adjudicated him guilty of those offenses. *Id.*, Acceptance of Plea of Guilty and Adjudication of Guilt, ECF No. 41 (M.D. Fla. Apr. 28, 2005). The Government dismissed Count III. *See Id.*, Judgment,

ECF No. 49 (M.D. Fla. Aug. 26, 2005). On August 25, 2005, the district court sentenced Johnson to 140 years of imprisonment (consisting of 50 years as to Count One, 50 years as to Count II, and 40 years as to Count III, with all terms running consecutively) followed by concurrent terms of 5 years of supervised release. *Id.*, Judgment (M.D. Fla. Aug. 26, 2005). The Eleventh Circuit Court of Appeals affirmed the judgment on June 13, 2006. United States v. Johnson, 451 F.3d 1239 (11th Cir. 2006).

On or about April 6, 2007, Johnson filed a motion to vacate his conviction, pursuant to 28 U.S.C. § 2255. *See* Johnson, Case No. 8:05cr12-JDW-TGW, Motion to Vacate, ECF No. 69 (M.D. Fla. Apr. 6, 2007); Johnson v. United States, Case No. 8:07cv594-JDW-MAP, Motion to Vacate, ECF No. 1 (M.D. Fla. Apr. 6, 2007). Johnson subsequently filed an amended § 2255 motion. *See* Johnson, Case No. 8:07cv594-JDW-MAP, Amended Motion, ECF No. 16 (M.D. Fla. May 30, 2008). The district court denied the motion on April 13, 2009. *Id.*, Order, ECF No. 19 (M.D. Fla. Apr. 13, 2009). More than seven years later, on November 28, 2016, Johnson filed a motion for relief from the district court's order denying the § 2255 motion. *See id.*, Motion, ECF No. 20 (M.D. Fla. Nov. 28, 2016). The district court denied the motion. *Id.*, Order, ECF No. 21 (M.D. Fla. Dec. 27, 2016). Johnson filed a motion

for certificate of appealability (construed from a notice of appeal) in the Eleventh Circuit, Case No. 17-10124. *See id.*, Order of USCA, ECF No. 28 (M.D. Fla. June 14, 2017). The Eleventh Circuit denied a motion for certificate of appealability on June 14, 2017. *Id.*

On January 3, 2017, Johnson filed the instant § 2241 petition raising the following claim:

> Ground one: "Actually innocent of conviction. Actual innocent [sic] of violating interstate commerce as charged."

(ECF No. 1). Johnson contends he is "actually innocent" of the charged crimes, because the Government failed to prove the "interstate commerce" element of the crimes (*see* ECF No. 2 at 3–5). In support of his claim, Johnson relies upon the Supreme Court's decision in Burrage v. United States, — U.S. —, 134 S. Ct. 881, 187 L. Ed. 2d (2014) (*id.*).[1]

## II.   ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S.

---

[1] In Burrage, the Supreme Court held that the ordinary meaning of the terms "results from" in a criminal statute requires "but-for causality"; thus, a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) where the use of a drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury unless the drug use is a but-for cause of the death or injury. 134 S. Ct. at 887–92.

Case No: 5:17cv33/MCR/EMT

Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218. The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity

of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). Whereas, a collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized language is known as the "saving clause." *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017). The "saving clause" imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See id.* at 1080.

A § 2255 motion is "inadequate or ineffective to test the legality of [a prisoner's] detention," as that phrase is used in the "saving clause," only in the following limited circumstances: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. *See* McCarthan, 851 F.3d at 1092–93. "[A] change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" *Id.* at 1085. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt

to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court. *Id.* at 1087.

Here, Johnson admits he presented his habeas claim (i.e., that the Government failed to (or could not) prove the "interstate commerce" element of the offenses) in his initial § 2255 motion, but the district court denied relief (*see* ECF No. 13 at 2–3). Because Johnson had "a meaningful opportunity to test his claim" in a § 2255 motion, the remedy provided by § 2255 "was an adequate and effective means for testing" the legality of his conviction and sentence. McCarthan, 851 F.3d at 1087, 1099 (quotation omitted). To the extent Johnson contends his habeas claim was foreclosed by circuit precedent at the time of his § 2255 motion, his argument is without merit, as § 2255 was still an adequate remedy to test his claim. *See id.* Johnson failed to satisfy any of the limited circumstances warranting review of his habeas claim through the "saving clause" portal of § 2255(e); therefore, Respondent's motion to dismiss should be granted.

III. CONCLUSION

In sum, review under § 2241 is unavailable because Johnson challenges the validity of his conviction and sentence, not the execution of an initially valid confinement. Furthermore, he has not shown he is entitled to review via the "saving

clause" portal of § 2255(e).  Because Johnson is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 11) be **GRANTED**.

2. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 16th day of August 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No:  5:17cv33/MCR/EMT